**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMADO PEREZ-AVALOS,

Plaintiff,

- v -

Civ. No. 9:09-CV-211 (TJM/RFT)

DEBORAH G. SCHULT, *Warden, FCI Ray Brook*;
D. MARINI, M.D., *Clinical Director*,

Defendants.

R F T

**APPEARANCES:** **OF COUNSEL:**

AMADO PEREZ-AVALOS
Plaintiff, *Pro Se*
Call Lado Winipeg #104
Interior 1 Colonia, Tacuba
Delegacion Miguel Hidalgo
Mexico, D.F. Zona Postal 11401

HON. RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

CHARLES E. ROBERTS
Assistant United States Attorney

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Presently before the Court is Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 29. Despite having been granted an extension of time to oppose Defendants' request for dismissal, Plaintiff has not responded to the Motion. For the reasons that follow, it is recommended that Defendants' Motion to Dismiss be **granted** and this entire action be **dismissed**.

R F T

## I. BACKGROUND

This action was commenced on February 20, 2009, when Perez-Avalos filed a *pro se* Complaint against the Warden of the United States Penitentiary (USP) Lompoc,[1] the Federal Bureau of Prisons (BOP), and USP Lompoc. Dkt. No. 1, Compl. Because Plaintiff sought permission to proceed with this matter *in forma pauperis*, the Honorable Thomas J. McAvoy, Senior United States District Judge, conducted a review of the adequacy of the Complaint pursuant to 28 U.S.C. § 1915(e). Dkt. No. 6, Order, dated Mar. 13, 2009. Within that review, Judge McAvoy liberally construed the Complaint as raising claims under the Federal Tort Claims Act (FTCA), pursuant to 28 U.S.C. § 2671 *et seq*., and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). With regard to the FTCA claim, Judge McAvoy ruled that, based upon the documentation provided by Plaintiff, such claim was time-barred. *Id*. at p. 4. Judge McAvoy further found that Plaintiff failed to state a cognizable *Bivens* claim and that such claim was also time-barred. *Id*. at pp. 5-6. On these bases, Judge McAvoy *sua sponte* dismissed the Complaint without providing leave to re-plead. *Id*. at p. 7 ("Because the problems with plaintiff's causes of action are substantive, such that better pleading will not cure them, leave to re-plead is denied as futile." (citing *Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Judgment in favor of the Defendants was entered on March 13, 2009. Dkt. No. 7.

Plaintiff appealed the Order and Judgment to the United States Second Circuit Court of Appeals on March 23, 2009. Dkt. No. 8. On June 22, 2009, the Second Circuit entered a Summary Order, which was issued as a Mandate on July 17, 2009, vacating the Judgment that dismissed

---

[1] USP Lompoc is located in Lompoc, California. At the time Plaintiff initiated this action, he was housed at the Federal Correctional Institution (FCI) Ray Brook, which is located in Ray Brook, New York. *See generally* Dkt. No. 1, Compl. During the pendency of this proceeding, Plaintiff was deported to Mexico. Dkt. No. 17.

Plaintiff's action, and remanding the matter back to the District Court to provide Plaintiff an opportunity to amend his Complaint. Dkt. No. 10. In accordance with the Second Circuit Mandate, Judge McAvoy vacated the Judgment and directed Plaintiff to amend his Complaint. Dkt. No. 12. On August 24, 2009, the Clerk of the Court docketed Plaintiff's Amended Complaint. Dkt. No. 16. Instead of expanding upon the claims he originally pled, Plaintiff named two different Defendants, namely Deborah G. Schult, Warden FCI Ray Brook, and D. Marini, M.D., Clinical Doctor, FCI Ray Brook, and complained about the medical care at FCI Ray Brook. *Id*. Soon after the filing of Plaintiff's Amended Complaint, the Court received correspondence from Plaintiff advising that he had been deported to Mexico and providing an updated address. Dkt. No. 17.

Plaintiff entitled his new pleading "Amended Complaint Pursuant to 42 U.S.C. § 1983," however, in reviewing the adequacy therewith, Judge McAvoy noted that because the named Defendants are federal employees, the Amended Complaint would be construed as brought pursuant to *Bivens* and not 42 U.S.C. § 1983. Dkt. No. 19, Order, dated Nov. 4, 2009, at p. 2. Judge McAvoy also directed the Clerk of the Court to alter the docket report by terminating the originally named Defendants and substituting the newly named Defendants. *Id*. at pp. 2-3. Even though the Amended Complaint was brief and inartfully pled, Judge McAvoy, in an abundance of caution, directed that service of the Amended Complaint be accomplished by the United States Marshal. *Id*. at pp. 3-4.

After service of process was accomplished, the new Defendants filed a Motion to Dismiss. Dkt. No. 29. A response to that Motion was due on or before April 23, 2010. Prior to the expiration of that deadline, Plaintiff submitted a letter to the Court seeking an extension of time to respond. Dkt. No. 31. On April 19, 2010, the Court granted this request and set Plaintiff's response deadline at June 11, 2010. Dkt. No. 32. The Court has not received any further communication from

Plaintiff.

## II. DISCUSSION

### A. Failure to Prosecute

Under the Federal Rules of Civil Procedure and Local Rules of this District, a suit may be dismissed for failure to prosecute and/or failure to comply with a court order. FED. R. CIV. P. 41(b); N.D.N.Y.L.R. 41.2(a). "A dismissal for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) is a matter committed to the sound discretion of the trial Court." *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (citing *Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). Although Rule 41(b) provides a mechanism for a defendant to request dismissal, a district court may, *sua sponte*, dismiss an action for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Saylor v. Bastedo*, 623 F.2d 230 (2d Cir.1980); *see also Lukensow v. Harley Cars of New York*, 124 F.R.D. at 66 n.3 (citing *Link* for the proposition that although Rule 41(b) is a procedural mechanism for defendants to move for such relief, "[t]he purpose of Rule 41(b) was not to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief."). A dismissal pursuant to Rule 41(b) is considered to be an adjudication on the merits. FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

Recognizing the harshness of such a dismissal, the Second Circuit has established five factors a court must consider before exercising such an austere disposition: (1) the duration of Plaintiff's failure; (2) whether Plaintiff has received notice that further delays would result in dismissal; (3) whether Defendants are likely to be prejudiced by further delay; (4) a balancing of the

need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *Alvarex v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (quoting *Harding v. Fed. Reserve Bank of New York*, 707 F.2d at 50)); *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir. 1986); *see also Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000).

The Local Rules of our District provide further guidance on Rule 41 dismissals. Specifically, we are guided that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Here, Plaintiff has failed to take action in this case for at least six months. In light of his deportation to Mexico, Dkt. No. 17, it is plausible, and the Court could find, that Plaintiff has presumptively abandoned this claim. Nevertheless, in light of the factors set forth by the Second Circuit, because no warnings had been issued to Plaintiff regarding the consequences of his continued inaction, we will not recommend dismissal based on the failure to prosecute.

**B. Standard of Review**[2]

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will

---

[2] As stated in their Memorandum of Law, Defendants seek dismissal based upon Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim. Dkt. No. 29-2, Defs.' Mem. of Law, at p. 1. The standard of review for Motions to Dismiss on this basis is provided in this section. Alternatively, Defendants seek dismissal of this case based upon Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Id.* Defendants assert that because Plaintiff "has been deported from the United States five times and he is currently deported, barred from the United States, and living in Mexico[ h]e has no legal attachment to the United States and no standing." *Id.* Because we find that Plaintiff has failed to state a claim upon which relief could be granted, we need not address Defendants' alternate argument.

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1960 (citing

*Twombly*).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1950-51.

With this standard in tow, we consider the plausibility of Plaintiff's Amended Complaint.

**C. Plaintiff's *Bivens* Claim**

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized the existence of a cognizable claim in certain instances for alleged constitutional violations committed by federal agents. *See Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981) (noting that a *Bivens* action is a judicially-created remedy); *see also Carlson v. Green*, 446 U.S. 14, 18 (1980) ("*Bivens* established that the victims of a constitutional violation by

[3] By its opinion in *Bell Atlantic Corp. v. Twombly* and then again in *Ashcroft v. Iqbal*, the Supreme Court abrogated the often-cited language of *Conley v. Gibson* "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 562-63 (2007) (quoting *Conley*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). In so doing, the Court found that *Conley* "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id*. at 563.

a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.”). The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities. *See Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (cited in *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)). In order to state a *Bivens* claim, a plaintiff must allege a constitutional deprivation by defendants acting under color of federal law. *Soichet v. Toracinta*, 1995 WL 489434, at *3 (S.D.N.Y. Aug. 16, 1995). Generally, case law under 42 U.S.C. § 1983 applies to *Bivens* cases. *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (quoting *Ellis v. Blum*, 643 F.2d at 84).

In moving for dismissal, Defendants point to the deficiencies of the Amended Complaint in both form and substance. Dkt. No. 29-2, Defs.' Mem. of Law, at pp. 6-8. Employing the “utmost leniency,” Defendants speculate that Plaintiff has attempted to raise an Eighth Amendment claim for deliberate indifference to his serious medical needs. *Id*. at pp. 4-5. Defendants highlight the sparsity of facts implicating a violation of such right or imputing personal involvement to the two named Defendants and accordingly seek dismissal.

When, as here, a party seeks dismissal against a *pro se* litigant, a court must afford the non-movant special solicitude. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Federal Rule of Civil Procedure 8 requires a complaint to contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” FED. R. CIV. P. 8(a)(2). Rule 8 also requires that “[e]ach allegation must be simple, concise, and direct.” *Id*. at 8(d)(1). The purpose of this pleading standard is for plaintiffs to disclose sufficient information to permit a defendant “to have a fair

understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A complaint that fails to comply with this rule "presents far too [heavy a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).

It would be an understatement to categorize this pleading as inadequate. In our own review of the Amended Complaint, we agree that it is utterly bereft of factual allegations which would allow for the Court to deduce the plausibility of a cognizable cause of action. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949 & 1960. Much of Plaintiff's disjointed Amended Complaint concerns the administrative remedies he purportedly pursued in an effort to have his unspecified medical concerns addressed. Yet, nowhere within that pleading does he set forth the nature of his medical concerns. Indeed, the bulk of his Amended Complaint contains references to Exhibits (most of which relate to USP Lompoc),[4] which he asserts will prove that there is a "problem concerning inmates getting proper medical treatment," but there are few, if any, allegations of fact. Am. Compl. at p. 4. Plaintiff mentions that Defendant Warden Schult was put on notice of the medical department staff's failure to provide him with medical care and notes that in response, Defendant Shult stated that Plaintiff was being "followed every six months in clinic for Gastro Esophegeal Reflux Disease, and

[4] Attached to this terse pleading are 188 pages of Exhibits, labeled A-W, which include, *inter alia*, letters written in spanish, court documents, BOP administrative rulings rejecting complaints as improperly submitted, postage receipts, inmate account balance statement, tort claims concerning an incident occurring at USP Lompoc, and medical records.

being provided proper medication for his diagnosis." *Id*. at p. 2. Not only is an extrapolation of the nature of that condition lacking, but it is equally unclear how Defendant Shult's confirmation of the level of medical care Plaintiff received implicates a constitutional violation. Similarly, Dr. Marini is mentioned only once in the Amended Complaint as follows: "(Exhibit – S) are [sic] Dr. Marini's interpretation of plaintiff right foot, which was X-rayed at Ray Brook Correctional Institution." *Id*. at p. 4. Again, without the benefit of allegations of fact, this Court cannot discern the basis for Plaintiff's suit against this Defendant.

In light of the procedural history, we understand the pressure the Second Circuit placed upon Judge McAvoy and why he may have felt compelled to allow for service of the Amended Complaint "despite the brevity of the pleading." Dkt. No. 19. at p. 4. But, the entire pleading is bereft of a single factual allegation setting forth that either of the Defendants violated Plaintiff's constitutional rights. It is clear that this *pro se* pleading, with its multitudinous Exhibits, places too large a burden on Defendants, and the Court, and curtails the Defendants' ability to properly respond. In this regard, Plaintiff's Complaint is deficient in both its form, *see* FED. R. CIV. P. 8, and substance, *see* FED. R. CIV. P. 12(b)(6). While this Court is charged with the mandate of construing Plaintiff's claims leniently, this province does not include poring over Exhibits in order to extract some cause of action that may or may not exist. Plaintiff's Amended Complaint is woefully inadequate. Because he's already had an opportunity to amend, and for the reasons stated above, we recommend **granting** Defendants' Motion to Dismiss.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. No. 29) be **granted** and

this entire action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: October 14, 2010
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge